

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00215-CR

_____

ARRON JAMOND COLEMAN, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1555524

---

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

After pleading guilty to the first-degree-felony charge of aggravated robbery with a deadly weapon, *see* Tex. Penal Code Ann. § 29.03, Arron Jamond Coleman was placed on ten years' deferred adjudication in December 2021. In April 2022, the State petitioned to proceed to adjudication, alleging that about a week earlier, Coleman had violated the terms of his deferred adjudication by committing the offense of murder and possessing a firearm. The State amended its petition in May 2024 to add two additional offenses, for a total of four.

In June 2024, the trial court conducted an evidentiary hearing to proceed to adjudication, found that Coleman had violated the terms of his deferred adjudication as the State alleged, adjudicated Coleman guilty of aggravated robbery with a deadly weapon, and sentenced him to sixty years' imprisonment.[1] *See id.* § 12.32 (providing punishment range of five to ninety-nine years for first-degree felony). Coleman timely appealed, and the trial court appointed appellate counsel for him.

After determining that Coleman's appeal was frivolous, Coleman's court-appointed appellate attorney filed a motion to withdraw as counsel and, in support of that motion, a brief. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's motion and brief meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no

---

[1]The trial court did not impose any fines or restitution, and its judgment credited outstanding reparations, court costs, and attorney's fees for time served.

arguable grounds for relief. *See id.* at 744, 87 S. Ct. at 1400. Additionally, in compliance with *Kelly v. State*, counsel provided Coleman with copies of the brief and the motion to withdraw; he informed Coleman of his right to file a pro se response, to review the record, and to seek discretionary review pro se should this court declare his appeal frivolous; and he sent Coleman a form motion for pro se access to the appellate record. *See* 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Coleman had the opportunity to file a pro se response to the *Anders* brief but did not do so.[2] In lieu of a brief, the State filed a letter waiving its right to respond to the *Anders* brief.

We have carefully reviewed the record and counsel's brief and have determined that this appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006) (approving use of unpublished memorandum opinion in context of *Anders* brief with which court of appeals agrees). We therefore grant counsel's motion to withdraw and affirm the trial court's judgment.

---

[2]On May 23, 2025, this court received Coleman's motion for access to the appellate record. We ordered the trial-court clerk to make the record available to Coleman by June 9, 2025, and upon receiving the trial-court clerk's notice that it sent the record to Coleman on June 6, 2025, we informed Coleman that his pro se response had to be filed by August 5, 2025, and that if he failed to meet that deadline, we would assume that he did not intend to file a response.

3

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 28, 2025